# EXHIBIT K



April 28, 2026

James Reyes, City Manager
Office of the City Manager - City of Miami
Miami Riverside Center (MRC)
444 SW 2nd Ave #10
Miami, FL, 33130
305-250-5400

**Re:    Impending Litigation**

Dear Mr. Reyes,

We represent the Miami News Trust, which publishes the Coconut Grove Spotlight ("the Spotlight"), regarding the City of Miami's APM 01-11: Media Relations Policy ("Media Policy"). On Monday, April 13, 2026, we wrote to you via email—alongside our Concerned Partners, including the Miami Herald, The Miami Times, and WLRN—to share similar concerns that the Media Policy improperly infringes on constitutional rights. A copy of that letter was delivered to your office on Thursday, April 16, 2026. We requested a response within five (5) business days to work collaboratively toward an amenable outcome.

But we have yet to receive a response from you, your office, or any other City representative. Given the lack of communication, we must assume that the City does not wish to work with us to bring the Media Policy into compliance with the First Amendment. Consequently, we have begun drafting a complaint with the intent to protect the constitutional rights described in our demand letter in court.

While we wish we had the opportunity to work together on this issue outside of the litigation process, our priority is protecting the First Amendment rights of the Miami News Trust, City of Miami employees, and similarly situated press organizations and employees. Throughout the process necessary to resolve this dispute, we expect that the City of Miami will continue to provide information to all members of the press, without retaliation.

Lawsuits to protect constitutional rights are themselves protected under the First Amendment right to petition the government. *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1305 (11th Cir. 2019). Any adverse action taken against our client or another press organization because of this dispute would constitute impermissible retaliation under 42 U.S.C. § 1983. While the Spotlight remains optimistic about continuing to provide local news information to the public, it also would like

1



to remind the City that "courts liberally construe whether... conduct ha[s] an adverse effect" on a litigant who is protecting constitutional rights. *Eisenberg v. City of Miami Beach*, 1 F. Supp. 3d 1327, 1343 (S.D. Fla. 2014). Such adverse effects could prolong this dispute and increase the City's potential liability. For these reasons, our client expects that the City will maintain a professional relationship with the press, with an emphasis on serving the community throughout the duration of this dispute.

Sincerely,

Denise M. Harle
*Director*, FSU College of Law First Amendment Clinic
dharle@law.fsu.edu

CC:
George Wysong, City Attorney
law@Miamigov.com
Sheena Kelly, Supervising Staff Attorney, FSU First Amendment Clinic
skelly@law.fsu.edu
David Villano and Don Finefrock, Co-editors, *Coconut Grove Spotlight*
Editor@coconutgrovespotlight.com
Mel Meinhardt, publisher, *Coconut Grove Spotlight*
Publisher@coconutgrovespotlight.com
Dana Banker, Senior Managing Editor, *Miami Herald*
Dbanker@miamiherald.com
Sergio Bustos, Vice President for News, *WLRN*
Sbustos@wlrnnews.org
Garth Reeves, Publisher, *Miami Times*
Garth@miamitimesonline.com